# ROSE LYNCH, Appellant, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Respondent.

### St. Louis Court of Appeals, April 3, 1917.

1. **APPELLATE PRACTICE:** Conclusiveness of Theory at Trial. Parties litigant are bound, on appeal, by the theory they presented to the trial court.

2. **STREET RAILWAYS:** Passengers Boarding Pay-as-you-enter Car: Duty of Motorman. Although a rule of a street railway company forbids passengers boarding a pay-as-you-enter car at the front end, it is, nevertheless, the duty of the motorman to see, before he starts the car, that no one is in the act of boarding it at the front end, the nonperformance of which duty is actionable negligence.

3. ———: Injury to Passenger: Premature Start: Instructions. In an action against a street railway company for injury to a passenger who was boarding a car at the front end, by reason of the premature starting of the car, defended on the theory that the car was of the pay-as-you-enter type, the front end of which was designed to be used as an exit only, *held* that an instruction given for plaintiff submitting the question of liability was correct.

Lynch v. United Railways Co.

4. ——: ——: ——: Instructions. In such case, instructions given for defendant directed a verdict for defendant if plaintiff attempted to board a pay-as-you-enter car at the front end and the motorman did not actually see her boarding the car when he started it, and further charged that defendant's rule requiring passengers to board pay-as-you-enter cars at the front end is a reasonable regulation and that if the jury found that the car in question was a pay-as-you-enter car and that plaintiff attempted to board it at the front end, which was not a proper place to board it, plaintiff was not entitled to recover. *Held*, that the instructions were prejudicially erroneous for ignoring the duty of the motorman to see, before he starts the car, that no one is boarding it at the front end, which duty obtains although the car is not designed to afford an entrance to passengers at the front end. *Held, further*, that the instructions were erroneous for failing to submit the question of whether plaintiff was negligent in failing to discover that she was attempting to board the car at a place not designed to afford an entrance way.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor*, Judge.

REVERSED AND REMANDED.

*M. N. Sale* and *W. R. Gilbert* for appellant.

The court erred in giving instructions 3 and 4 for the defendant. (a) Said instructions conflict with instruction No. 1 given for plaintiff, by which the plaintiff was required to exercise ordinary care in boarding the car. By these instructions, although she may have used ordinary care and been guilty of no negligence in boarding a pay-as-you-enter car at the front end, nevertheless the jury are told if she was boarding it at the front end she cannot recover. One standard is laid down by defendant's instruction, namely, ordinary care to determine whether the car is a pay-as-you-enter, and another standard by defendant's instructions, namely, plaintiff is made an insurer that the car is not a pay-as-you-enter whether ordinary care would so demonstrate or not. Such conflicts constitute reversible error. Shepherd v. Transit Co. 189 Mo. 362; Wallack v. Transit Co. 123 Mo. App. 160, 167; Gessner v. Railroad, 132 Mo. App. 584, 587; Allen v. Lumber Co., 71 Mo. App. 492,

594; Muncie v. Bevier, 124 Mo. App. 10. (b) Instructions 3 and 4 are erroneous because it is not negligence to board a car at the front end, unless a passenger knows it should not be so boarded, or his experience is such as to give him ground for believing the car should not be so boarded. Williamson v. Transit Co., 202 Mo. 345, 373. By these instructions the question of rightful or wrongful entry on the part of the passenger was taken from the jury and every entry at the front end declared to be wrongful. (c) Instructions Nos. 3, and 4 are both erroneous, in that they direct a verdict for defendant, without requiring the jury to find that attempting to board the front end of the car was the proximate or a contributing cause of plaintiff's injuries. Even though plaintiff wrongfully boarded the front end of the car, if her conduct was not the proximate, or contributing, cause of her injuries, defendant is not entitled to a verdict. Zander v. Transit Co., 206 Mo. 445, 464; Spencer v. Transit Co., 111 Mo. App. 653, 666. (d) Instructions 3 and 4 are erroneous in directing a verdict for defendant if plaintiff attempted to board the front end of a pay-as-you-enter car, although defendant may have been guilty of negligence which was the proximate cause of her injuries. (e) Instruction No. 3 does not correctly state the law. Even though a passenger may enter the wrong door, he is nevertheless a passenger and entitled to care as such. By this instruction no matter how negligent the motorman might be in not seeing plaintiff unless he actually saw plaintiff a verdict is directed for defendant, and the question of the care of defendant's servants taken from the jury.

*Boyle & Priest* and *Geo. T. Priest* for respondent.

BECKER, J.—This is an action for personal injuries sustained by plaintiff on the 19th day of March, 1912, by being thrown from the steps of one of the defendant's street cars, which plaintiff was attempting to board at the front end. The trial below resulted in a verdict and judgment for defendant, and the case is here on plaintiff's appeal.

The negligence alleged in plaintiff's petition is the starting of the car with a sudden lurch or jerk while plaintiff was upon the car step. There is the usual general denial and the additional answer that "whatever injuries, if any, plaintiff may have sustained, were caused by her own negligence and carelessness in attempting to board the car, without the knowledge of defendant, and at a place designed only for the exit and not the entrance."

The uncontradicted evidence shows that the plaintiff, on the day in question, was a passenger on one of the cars of the defendant's Cass avenue line and at the time of the paying of her fare was given a transfer for the Bellefontaine line. At 11th and Cass avenue, where the Cass and Bellefontaine lines cross, the plaintiff alighted and walked diagonally across Cass avenue with the intention of boarding a Bellefontaine car which had stopped to discharge passengers at the Northwest corner. The plaintiff walked to the front end of the car—the door was open—and had just stepped upon the car step when the motorman put the car in motion and plaintiff was thrown to the ground.

Plaintiff could not read English, and barely spoke it, and her testimony at the trial, was given through the aid of an interpreter. She testified that she had been living in St. Louis for a period of twenty-five years and had taken the Bellefontaine car almost daily; that she was conversant with the old type of cars in which passengers could enter by way of the front platform as well as by way of the rear platform. She knew that on pay-as-you-enter cars passengers were required to enter at the rear platform only, and she testified positively that the car which she attempted to board, and from which she was thrown, was one of the old type of cars, an "open car, the kind that you can get into at either end." She also testified that the motorman saw her.

All the evidence on behalf of defendant is to the effect that the car in question was a pay-as-you-enter type and that only this type of car had been in operation

on the Bellefontaine line for practically a period of four months next before the date of plaintiff's injury; that under the rules and regulations prescribed by the company, entrance to such cars can only be had by way of the rear door, the door at the front platform being used by the passengers for exit only. The motorman on the car in question testified that the door at the front platform is opened and closed by the motorman by operating a sort of lever which is placed almost directly in front of him, and that according to the rules of the company in force at the date of the accident, the motorman was required to start his car before closing the door at the front platform, and gave as the reason for this rule the fact that in case the door was closed before the car started up a passenger in getting off the car might get his clothing caught therein and be injured, because the motorman, the door being closed, would not then be in a position to see the passenger's predicament.

Though the plaintiff testified that the motorman saw her clearly, yet the motorman testified that before starting his car he had glanced at the doorway of the front platform to see that the passengers, for whom he had opened the door for the purpose of alighting, had all alighted; that he then turned on his power and glanced to the left, at which instant he heard some one calling; that he instantly looked to the right and saw the plaintiff on the step; that he stopped his car immediately and plaintiff swung forward and fell to the street, the car having moved but three to six feet in all; that when he first glanced at the step, before starting his car, he did not see the plaintiff there, nor did he see her crossing the street or approaching the front of the car.

The assignments of error are leveled at the instructions in the case. We therefore quote at length those which are necessary for this opinion.

"The court instructs the jury that if you believe from the evidence that on the 19th day of March, 1912, plaintiff became a passenger on one of defendant's cars east-bound on Cass avenue, in the city of St. Louis, Missouri; that she paid her fare and asked for and re-

ceived a transfer slip or ticket to the Bellefontaine line of said defendant company; that at the southwest corner of Cass avenue and Eleventh street she left the east-bound Cass avenue car, on which she had been traveling, for the purpose of transferring to and entering one of defendant's Bellefontaine cars, south-bound on Eleventh street, in order to continue her passage to her destination; that she walked across to the customary and usual stopping place for defendant's Bellefontaine cars south-bound on Eleventh street, to take on and discharge passengers at. said Cass avenue and Eleventh street; that when she reached there one of defendant's Bellefontaine cars, south-bound on Eleventh street, had been brought to a stop at the northwest corner of Eleventh street and Cass avenue by defendant's agents and employees in charge of and operating said car, to allow passengers to board same; that plaintiff thereupon and without delay proceeded to board said car; that while plaintiff was upon the lower step of said car and while she was in the act of stepping from the lower step onto the platform of said car for the purpose of entering said car, and before she had sufficient and reasonable time to step from the lower step onto the platform of said car and to secure a safe and firm footing on said car, defendant's agents and employees, in charge of and operating said car, carelessly and negligently caused said car to move forward with a sudden lurch or jerk; that by reason thereof plaintiff was thrown with great force and violence to the street below, and in consequence thereof sustained injuries to her person, then your verdict should be for the plaintiff, provided you further find from the evidence that plaintiff was then and there in the exercise of ordinary care for her own safety.''

Instruction No. 3, for defendant:

''The court instructs the jury that if you find and believe that plaintiff attempted to board the front platform of a pay-as-you-enter car and the motorman of said car did not actually see the plaintiff boarding said car when he started said car, then plaintiff is not en-

titled to recover and your verdict must be for defendant.''

Instruction No. 4, for defendant:

''The court instructs. the jury that the defendant has the right to make rules and regulations for the conduct of its businees, and the court further instructs you that said rule of the company in requiring passengers to board said pay-as-you-enter cars at the rear end of said car, which is the proper place to board said cars, is a reasonable regulation, and if you further find and believe from the evidence that the car in question was a pay-as-you-enter car and that plaintiff attempted to get on the front end of said car (which was not the proper place to board said car) and sustained injuries, if any, then plaintiff cannot recover, and your verdict must be for defendant.''

The instructions given for defendant are criticised in that they do not correctly declare the law, either regarding the duty of the motorman or of plaintiff, and further in that said instructions Nos. 3 and 4 are in conflict with plaintiff's main instruction set out above..

The record shows that plaintiff's theory of the case was that plaintiff met her injuries by being thrown from a car of the old type—open for boarding by either front or back platform—through the negligence of defendant in starting the car forward with a sudden lurch or jerk. But it is equally clear that defendant relied on its theory that the car in question was a *pay-as-you-enter type* of car. By reason of this issue, as to which kind of car the accident occurred on, respondent here on appeal seriously contends that this was, in point of fact, the *sole* issue in the case, and that both plaintiff and defendant treated it as such in the trial below.

There can be no doubt but that defendant believed that to be the sole issue and on no other contention than tha' could instructions Nos. 3 and 4, for defendant, be supported. But appellant here, plaintiff below, just as earnestly argues that while an issue was in point of fact raised as to whether the car was an ''open car'' or a ''pay-as-you-enter'' type, yet that was not the sole issue in the case. And respondent in return claims appellant

as now attempting, on appeal, to make a change of front, to shift the theory of the case in this court.

As learned counsel for respondent well says, it is elementary and axiomatic "that parties to litigations are bound, on appeal, by the theory they presented to the trial court below," and in strict conformity with that rule we have read the record in this case.

Respondent's position is concisely stated in the following quotation from its brief:

"Defendant presented its defense on the theory that it was a pay-as-you-enter car and it had a reasonable rule and regulation requiring passengers to enter at the rear door only; plaintiff knew this. *That the motorman, under those circumstances, had the right to presume that plaintiff would not present herself as a passenger at the front end and was under no obligation or duty to stop his car or prevent injuring her unless he actually saw her, in the act of boarding the car.* (Italics ours.)

"This was the issue, as can be seen from the answer filed by defendant and plaintiff's reply thereto. Plaintiff's instruction is based upon the theory that she had a right to board the car at either the front or rear. In other words, her instruction follows her theory of the case that it was not a pay-as-you-enter car. Her side of the case on the issues was squarely presented to the jury. Defendant's side presented by its instructions, showed that it was its theory that the car in question was a pay-as-you-enter car, that plaintiff attempted to board the front end in violation of the rules and that the motorman did not see her attempt so to do. Its side of the case was squarely presented to the jury under the instructions. . . .

"As to whether or not plaintiff's act in boarding the front of the car was the proximate cause of her injuries, is not the question to be determined. The question to be determined was whether or not defendant was negligent and whether or not that negligence was the proximate cause of plaintiff's injuries."

We are not prepared to go to the length that counsel for respondent does in this quoted statement of their view of the law. We hold that the motorman of the car, even though it be of the pay-as-you-enter type, is under some obligation and duty to see to it that when he goes to start up his car, *with the door open, not alone* that all the passengers desiring to alight are safely off the step, but that no one is in the act of boarding the car, this particularly so with respect to all cars such as the one in the instant case which, when the door is open, has nothing on its exterior to distinguish it or to notify passengers that it is a pay-as-you-enter car.

Instruction No. 1, supra, plaintiff's main instruction, correctly and fully declared the law. We find no error therein.

When, however, we come to examine defendant's instruction No. 3, in light of what we have said above, we find that even though the instruction be founded upon the theory that the injuries were sustained on a pay-as-you-enter car, it is lacking in essential requirements. This instruction told the jury that if plaintiff attempted to enter the car by means of the front platform of a pay-as-you-enter car and the motorman did not see her, plaintiff could not recover. In other words this instruction told the jury that under the law the motorman of a pay-as-you-enter car was under no duty to exercise any care whatsoever with respect to keeping any watch for persons who might perchance be attempting to board his car by the front door, at the time when he was starting his car. This is not the law.

According to the testimony of the motorman himself, the front door was opened for passengers desiring to get off; that after the passengers had alighted, and before he had closed the door, he started his car. It must be remembered this was at a transfer point, and further that so long as the door remained open, there was no lettering or sign visible on the car itself to show that it was a pay-as-you-enter car, and that therefore the open door, under these circumstances, might well be taken for an invitation to enter thereat. We hold in-

struction No. 3 is erroneous. It should submit the question to the jury, under the evidence in the case, whether the motorman exercised due care or not. This omission was reversible error.

What has been said of instruction No. 3 applies equally to instruction No. 4. Further, in this connection, it is well to point out that neither of these instructions, each of which purports to cover the whole case and to direct a verdict, submits to the jury the question of whether or not plaintiff was negligent in failing to discover the kind of car she was attempting to board.

For the reasons above given, the judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Allen, J.,* concur.